IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DR. SIMON BANKS, J.D., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-23-1739 |
| STEVEN H. GREENFELD, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pro se Plaintiff Dr. Simon Banks, J.D. filed suit against various Defendants. The Court previously dismissed this case. (ECF No. 45.) Banks has now filed an "Emergency Motion to Reopen and Remand this Case Back to Baltimore City Circuit Court" (ECF No. 47) and a "Motion to Dismiss and Remand the Removal of this Case" (ECF No. 48). The Motions will be denied, and the Clerk will be directed to close this case.

Banks filed suit against various Defendants. As the Court previously explained, the Complaint and other filings are difficult to follow. However, Banks appeared to take issue with events that occurred during his daughter's bankruptcy proceedings and with respect to certain state court proceedings. (*See generally* Compl., ECF No. 4.) He brought claims against Daniel Walston, an employee of the United States Bankruptcy Court for the District of Maryland; Wilmington Savings Fund and certain related entities; Steven Greenfeld and Steven H. Greenfeld, LLC; and Diana Theologu. (*Id.*) Banks alleged that he submitted for docketing certain documents in his daughter's bankruptcy case, but that Walston did not timely docket those documents. (*Id.*) Banks alleged that, due to his failure to timely file certain documents, Walston is part of a

"conspiracy to deprive of civil rights" and a "Civil Interstate Conspiracy to engage in a Taking" in violation of state and federal law. (*Id.* at 8.) Banks brought claims of "wire fraud, Consumer fraud, in contravention of federal and state laws"; "declaration of rights"; and a 42 U.S.C. § 1983 claim of "conspiracy to deprive of Equal Protection of the Laws, in violation of Amend 14 of the U.S Const." (*Id.* at 9–10.) Banks filed suit against the Defendants in state court. Defendant Walston removed the case to this Court.

On February 2, 2024, the Court granted Walston and the United States'[1] motion to dismiss, and dismissed all claims against those Defendants. (ECF No. 44 at 3–4.) The Court also denied Banks' motions to remand. (*Id.* at 2–3.) Further, the Court explained that, although the other Defendants had not moved to dismiss the Complaint, the Court was not "required to ignore a failure to allege facts setting forth a plausible claim, and the Court may dismiss claims *sua sponte* in such circumstances." (*Id.* at 4–5 (citing *Saifullah v. Johnson*, 948 F.2d 1282 (4th Cir. 1991)).) The Court permitted Banks an opportunity to show cause why the claims against the other Defendants should not be dismissed, and he was forewarned that a failure to show cause would result in the dismissal of the remaining Defendants and the closure of the case. (*Id.*) Banks failed to docket any response, and the Court dismissed the claims against the remaining Defendants and closed the case. (ECF No. 45.)

Banks has filed an "Emergency Motion to Reopen and Remand this Case Back to Baltimore City Circuit Court" (ECF No. 47) and a "Motion to Dismiss and Remand the Removal of this Case" (ECF No. 48). The Motions are difficult to decipher. For instance, he states that he seeks to "Reopen and Remand this {¶[Fraudulently-Pretextual-Smokescreen Disguise ('Federal Officer') Removed Case, that was facilitated by both Baltimore-7 {¶[Anticipatory-Predisposition

---

[1] The Court previously found that the United States should be substituted as a defendant in Walston's place with respect to Banks' Federal Tort Claims Act claim. (ECF No. 40.)

(complicit), Judges) in collusion with Patrick J. Selwood, United States District Court, Assistant United States Attorney, underpinned, and assisted by his Superior [Erek Barron] . . ." (ECF No. 47 at 1 (all alterations except for ellipses in original).) Banks does not address the applicable standard for reopening this case, nor does he provide appropriate argument or evidence in support of his requests. In short, nothing in the two Motions gives the Court reason to revisit its prior order denying Banks' motions to remand or to grant any motion to reopen this case.

Accordingly, it is ORDERED that:

1. Banks' "Emergency Motion to Reopen and Remand this Case Back to Baltimore City Circuit Court" (ECF No. 47) and "Motion to Dismiss and Remand the Removal of this Case" (ECF No. 48) are DENIED;
2. The Clerk is DIRECTED to close this case; and
3. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Banks.

DATED this 10 day of December, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge